1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  LONNIE STEVENSON ARMSTRONG,              No. 2:15-cv-1344-CMK

12               Plaintiff,

13        vs.                               MEMORANDUM OPINION AND ORDER

14  COMMISSIONER OF SOCIAL
    SECURITY,
15
                 Defendant.
16  _____/

17              Plaintiff, who is proceeding with retained counsel, brings this action for judicial

18  review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

19  Pursuant to the written consent of all parties, this case is before the undersigned as the presiding

20  judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c).  Pending

21  before the court are plaintiff's motion for summary judgment (Doc. 17) and defendant's motion

22  for summary judgment (Doc. 18).  For the reasons discussed below, the court will grant

23  plaintiff's motion and deny the Commissioner's motion for summary judgment.

24  / / /

25  / / /

26  / / /

                                             1

# I. PROCEDURAL HISTORY[1]

Plaintiff applied for social security on March 8, 2012, alleging an onset of disability of May 1, 2007, due to heart attack, bypass surgery, depression, insomnia (Certified administrative record ("CAR") 81, 245-46, 252-53). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff requested an administrative hearing, which was held on August 9, 2013, before Administrative Law Judge ("ALJ") Dante M. Alegre. In an October 21, 2013, decision, the ALJ concluded that plaintiff is not disabled[2] based on the following findings:

---

[1] Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the undersigned does not exhaustively relate those facts here. The facts related to plaintiff's impairments and medical history will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential

1.      The claimant has not engaged in substantial gainful activity since March 8, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

2.      The claimant has the following severe impairments: coronary artery disease status post cardiac catheterization; depression, panic disorder, and mild degenerative disc disease of the left hip. (20 CFR 404.1520(c) and 416.920(c)).

3.      The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR  404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4.      After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he is limited to lifting and carrying 10 pounds frequently and occasionally; standing and/or walking 2 hours in an 8-hour workday; sitting 6 hours in an 8-hour workday; never climbing ladders; occasionally climbing ramps or stairs; and performing simple 1-2 step tasks.

5.      The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

6.      The claimant was born on October 14, 1969 and was 42 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

7.      The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

8.      Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9.      Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

10.     The claimant has not been under a disability, as defined in the Social Security Act, from March 8, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

_____

evaluation process proceeds to step five.  Id.

(CAR 11-21).  After the Appeals Council declined review on April 29, 2015, this appeal

followed.

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is:

(1) based on proper legal standards; and (2) supported by substantial evidence in the record as a

whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is

more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521

(9th Cir. 1996).  It is "such evidence as a reasonable mind might accept as adequate to support a

conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including

both the evidence that supports and detracts from the Commissioner's conclusion, must be

considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v.

Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's

decision simply by isolating a specific quantum of supporting evidence.  See Hammock v.

Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative

findings, or if there is conflicting evidence supporting a particular finding, the finding of the

Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

Therefore, where the evidence is susceptible to more than one rational interpretation, one of

which supports the Commissioner's decision, the decision must be affirmed, see Thomas v.

Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal

standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th

Cir. 1988).

## III.  DISCUSSION

Plaintiff argues the ALJ erred in determining he can perform occupations

identified by the vocational expert (VE), as those occupations as identified in the Dictionary of

Occupational Titles (DOT) conflicts with his residual functional capacity (RFC).  Defendant

contends that the cases cited by plaintiff are distinguishable, and any error based on the conflict

1  was harmless.

2  Residual functional capacity is what a person "can still do despite [the

3  individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003).  In determining residual

4  functional capacity, the ALJ must assess what the plaintiff can still do in light of both physical

5  and mental limitations.  See 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v.

6  Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current

7  "physical and mental capabilities").

8  At step five of the sequential evaluation process, once a claimant establishes he

9  can no longer perform his past relevant work, the burden shifts to the Commissioner to establish

10  the existence of alternative jobs available to the claimant, given the claimant's age, education,

11  and work experience.  See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988) (citing

12  Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986)).  This burden can be satisfied by

13  either applying the Medical-Vocational Guidelines ("Grids"), if appropriate, or relying on the

14  testimony of a VE.  See id.  Hypothetical questions posed to a VE must set out all the substantial,

15  supported limitations and restrictions of the particular claimant.  See Magallanes v. Bowen, 881

16  F.2d 747, 756 (9th Cir. 1989).  If a hypothetical does not reflect all the claimant's limitations, the

17  expert's testimony as to jobs in the national economy the claimant can perform has no

18  evidentiary value.  See DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991).  While the ALJ

19  may pose to the expert a range of hypothetical questions based on alternate interpretations of the

20  evidence, the hypothetical that ultimately serves as the basis for the ALJ's determination must be

21  supported by substantial evidence in the record as a whole.  See Embrey v. Bowen, 849 F.2d 418,

22  422-23 (9th Cir. 1988). The testimony of a VE should generally be consistent with the DOT,

23  although neither "trumps" the other if there is a conflict.  See Massachi v. Astrue, 486 F.3d 1149,

24  1153 (9th Cir. 2007).  If there is an inconsistency between the vocational expert's testimony and

25  the job descriptions in the DOT, the ALJ must resolve the conflict.  See id. (citing SSR 00-4p).

26  / / /

5

1    Here, the ALJ found plaintiff had the RFC to perform sedentary work, with

2    additional exertional limitations, and limited to "performing simple, 1-2 step tasks." (CAR 16).

3    The ALJ called a VE to testify at the hearing, and posed a hypothetical to the VE, which is not

4    challenged, setting forth plaintiff's limitations.  The VE then testified that such an individual

5    could perform work citing three examples: telephone order clerk (DOT 209.567-014), charge

6    account clerk (DOT 205.367-014), and addresser (DOT 209.587-010).  (CAR 54-56).  The ALJ

7    then asked the VE if the testimony given was consistent with the DOT, to which the VE verified

8    it was.

9    Plaintiff argues, despite the VE's assurance that the testimony was consistent with

10   the DOT, it was not.  Specifically, that the three sample jobs the VE testified he could perform

11   had a reasoning level of either 2 or 3, which is inconsistent with his RFC limitation to "simple, 1-

12   2 step tasks."  Defendant does not contend otherwise, but argues than the conflict was more of an

13   arguable conflict rather than an apparent conflict, and that any error was harmless.

14   The Ninth Circuit has recently addressed the very issue raised in this case, a

15   conflict between level 2 or 3 reasoning and simple 1 to 2 tasks limitations.  First in Zavalin v.

16   Colvin, 778 F.3d 842 (9th Cir. 2015), the Ninth Circuit determined "that there is an apparent

17   conflict between the residual functional capacity to perform simple, repetitive tasks, and the

18   demands of Level 3 Reasoning."  Id. at 847.  In Zavalin, the Ninth Circuit found that "because

19   the ALJ failed to recognize an inconsistency, she did not ask the expert to explain why a person

20   with Zavalin's limitation could nevertheless meet the demands of Level 3 Reasoning. We

21   conclude that the ALJ erred in failing to reconcile this apparent conflict."  Id.  Thus, the Court

22   remanded the case for further proceedings.

23   Similarly, in Rounds v. Commissioner Social Security Adminstration, 807 F.3d

24   996 (9th Cir. 2015), the plaintiff had an RFC limitation to "one to two step tasks," and the ALJ

25   found her capable of performing jobs with level two reasoning after the VE's testimony.  The

26   Court found Zavalin to be controlling.  See id. at 1004.  The Court specifically found, "[b]ecause

6

1   the ALJ did not recognize the apparent conflict between [plaintiff's] RFC and the demands of

2   Level Two reasoning, the VE did not address whether the conflict could be resolved." Id. The

3   Court explained the six reasoning levels used in the DOT. Level 1 requires the ability to apply

4   commonsense understanding to carry out simple one- or two-step instructions; level 2 requires

5   the ability to apply commonsense understanding to carry out detailed but uninvolved written or

6   oral instructions. See id. at 1002. Therefore, the Court remanded for further proceedings,

7   specifically that the "ALJ must determine whether there is a reasonable explanation to justify

8   relying on the VE's testimony." Id. (citing Massachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir.

9   2007); Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008); Johnson v. Shalala, 60 F.3d

10  1428, 1435 (9th Cir. 1995)).

11          The undersigned finds these cases directly on point and controlling. As was the

12  case in Rounds, the ALJ determined plaintiff was limited to simple, one to two step tasks. This

13  limitation was in conflict with the jobs identified in the DOT, which had reasoning levels of two

14  or three. Defendant attempts to distinguish this case on the facts, arguing that plaintiff's

15  cognitive abilities are not as severe as the plaintiff in either of the above cases. However, there is

16  nothing in either opinion which would lead this court to conclude the Ninth Circuit intended to

17  limit the holding in those cases. Rather, the Ninth Circuit clearly found a limitation to simple,

18  one- to -two-step tasks is inconsistent with a job requiring level two or level three reasoning.

19  And in order for the VE testimony to support an ALJ's determination of not-disabled, the conflict

20  must be resolved.

21          Defendant further argues that any error would be harmless as substantial evidence

22  supports the ALJ's reliance on the VE testimony. The undersigned disagrees. The Ninth Circuit

23  cases are directly on point with the facts of this case, which requires remand for the conflict to be

24  resolved.

25  / / /

26  / / /

7

**IV.  CONCLUSION**

Based on the foregoing, the undersigned finds that the ALJ committed reversible error for failure to reconcile the conflict between the VE testimony and DOT requirements. Accordingly, IT IS HEREBY ORDERED that:

     1.    Plaintiff's motion for summary judgment (Doc. 17) is granted;

     2.    Defendant's cross-motion for summary judgment (Doc. 18) is denied;

     3.    This matter is remanded for further proceedings consistent with this order; and

     4.    The Clerk of the Court is directed to enter judgment and close this file.

DATED:  October 12, 2016

                                         _____
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE